UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL

**Case No.  CV 25-3227-MWF(AGR)**                    **Date:  April 1, 2026**
Title:     Diana Carolina Rivera Mendoza v. Kristi Noem, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**        ORDER GRANTING PETITIONER'S
                                      APPLICATION FOR PRELIMINARY
                                      INJUNCTION [17]

Before the Court is Petitioner's Application for Preliminary Injunction (the "Application"), filed on March 1, 2026.  (Docket No. 17-1).  Respondents filed an Opposition on March 9, 2026.  (Docket No. 21).  Petitioner filed a Reply on March 13, 2026.  (Docket No. 22).  Petitioner then filed a Notice of Supplemental Authorities on March 18, 2026.  (Docket No. 25).

The Court read and considered the papers on the Application and held a hearing on **March 30, 2026**.

The Application is **GRANTED.**  Petitioner has demonstrated that, pursuant to binding Ninth Circuit law, there were constitutional errors in each of her bond hearings, such that the only appropriate remedy is her immediate release.

## I.      BACKGROUND

The Magistrate Judge has already summarized most of the relevant factual background for this Application in the Report and Recommendation ("R&R") dated December 8, 2025.  (Docket No. 11).  The Court therefore incorporates that background into this Order and only summarizes the facts necessary to consider the Application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-3227-MWF(AGR)**                **Date:  April 1, 2026**
Title:      Diana Carolina Rivera Mendoza v. Kristi Noem, et al.

Petitioner asserts that she has (at least nominally) been afforded two bond hearings.  At her first bond hearing, on December 3, 2025, the Immigration Judge ("IJ") denied bond because the IJ asserted a lack of jurisdiction over the request for bond.  (*See* Email Between Petitioner's Counsel and Karen Smith dated December 3, 2025 (Docket No. 8)).  Following the denial of bond on this basis, Petitioner filed her first Petition and an Application for Temporary Restraining Order ("TRO").  (Docket Nos. 1, 2, 3).  On December 8, 2025, the Magistrate Judge issued the Report and Recommendation rejecting the Government's argument that Petitioner was mandatorily detained pursuant to § 1225(b)(2), but rather holding that she was detained pursuant to the discretionary provisions of § 1226.  (*See* R&R at 9).  The R&R then recommended that Petitioner's request for TRO be granted and that she be provided with an individualized bond hearing before an IJ.  (*Id.* at 11-12).  The Court adopted the R&R in full and issued the TRO.  ("TRO Order" (Docket No. 13)).

Following the TRO, Petitioner was provided with another bond hearing on December 16, 2026 (the "December 16th Hearing").  (*See* First Amended Petition (Docket No. 14) ¶ 11).  The IJ's determination at that bond hearing, attached by both parties to their briefing on the Application, states only that bond was denied accompanied by two words: "Flight risk."  (Order of the Immigration Judge dated December 16, 2025 (Docket No. 21-1)).

Respondents also submitted evidence of a third bond hearing, dated February 27, 2026, which Petitioner does not appear to address in her Application.  (*See id.* at Ex. C).  Again, the decision of the IJ consists of two words in denying her bond: "Flight risk."  (*See id.*).

## II.      **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  CV 25-3227-MWF(AGR)**                    **Date:  April 1, 2026**

Title:      Diana Carolina Rivera Mendoza v. Kristi Noem, et al.

---

preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).

These elements — referred to as the *Winter* factors — can be balanced on a sliding scale, allowing a preliminary injunction to issue where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four *Winter* factors to be met).


## III.    **DISCUSSION**

### A.     **Jurisdiction**

Respondents first argue that 8 U.S.C. § 1226(e) prevents the Court from reviewing the discretionary decision made by the Secretary to review bond determinations.  (*See* Opp. at 5).  But the Court retains jurisdiction to review constitutional or legal errors putatively made during bond hearings under 28 U.S.C. § 2241.  *See Hernandez v. Sessions,* 872 F.3d 976, 987 (9th Cir. 2017) (noting that § 1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law).  Numerous courts have reached this conclusion when reviewing putative constitutional flaws with bond hearings in the context of a habeas petition.  *See Seyed Hossein Miri v. Pamela Bondi, et al.,* CV 26-698-MEMF (MAR), 2026 WL 622302, at *5 (C.D. Cal. March 5, 2026); *Magomed Mumaev v. Feretia Semaia, et al.,* CV 25-3409-FLA (MAR), 2026 WL 530765, at *2 (C.D. Cal. Feb. 20, 2026).  Of course, the Court does not consider the merits of the IJ's substantive decision to deny bond, but only analyzes the alleged legal errors with the bond hearing provided to Petitioner.  *See Katherine Noelia Saballos Rosales v. Kristi Noem, et al.,* CV 26-112-JWH (MBK), 2026 WL 761371, at *3, n.26 (C.D. Cal. March 16, 2026); *Nona Hasratyan v. Pamela*

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-3227-MWF(AGR)**                    **Date:  April 1, 2026**
Title:      Diana Carolina Rivera Mendoza v. Kristi Noem, et al.

*Bondi, et al.,* CV 26-210-MCS (ADS), 2026 WL 288909, at *3, n.2 (C.D. Cal. Feb. 2, 2026).

Indeed, in *Martinez v. Clark,* 124 F.4th 775, 779-80 (2024), the Ninth Circuit held that a district court, by way of a habeas petition, may review the Board of Immigration Appeals' ("BIA") bond appeal decision for abuse of discretion.  The *Martinez* court explained that given recent Supreme Court precedent, the decision of whether a petitioner is a "danger to the community" in the context of a bond hearing under 8 U.S.C. § 1226 is a "reviewable" mixed question of fact and law.  *See id.* at 783-84.  While subject to judicial review, the Ninth Circuit also held that the district court's review should be under an abuse of discretion standard, rather than *de novo.* *Id.* at 784.  Accordingly, that is the standard the Court applies here.  This Court is mindful that such a standard dictates that the Court may not "reweigh evidence."  *Id.* at 785-86.  Rather, the Court's review is cabined to "ensuring that the agency relied on the 'appropriate factors' and 'proper evidence.'"  *See Hernandez v. Garland,* 52 F.4th 757, 765 (9th Cir. 2022); *Miri,* 2026 WL 622302, at *9 (evaluating IJ decision for abuse of discretion).

Respondents further contend that this Court is stripped of jurisdiction under 8 U.S.C. § 1252.  (Opp. at 6-8).  But as with Respondents' § 1226(e) argument, courts have routinely rejected this contention when reviewing "a claim for relief grounded on a base 'distinct from how the government's prosecutorial discretion was deployed' in commencing proceedings, adjudicating cases, or executing removal orders."  *See Hasratyan,* 2026 WL 288909, at *2 (quoting *Doe v. Noem,* 781 F. Supp. 2d 1055, 1069 (E.D. Cal. 2025)) (collecting cases).  The challenge by Petitioner here is likewise not a challenge to the decision to commence removal proceedings against her, but rather argues that Respondents violated her constitutional rights in her continued detention while those proceedings are ongoing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-3227-MWF(AGR)**                    **Date:  April 1, 2026**
Title:       Diana Carolina Rivera Mendoza v. Kristi Noem, et al.

### B.    *Winter* **Factors**

The Court thus proceeds to the merits of the Application.  This Application focuses on the alleged procedural deficiencies with the December 16th Hearing.  Specifically, Petitioner's Second Claim for Relief in her First Amended Petition alleges that the December 16th Hearing violated the Fifth Amendment's due process requirements because the IJ failed to make an individualized assessment of flight risk and failed to apply the correct burden of proof.  (*See* First Amended Petition ¶ 74).

Before reaching this analysis, the Court first notes that in addition to the IJ's December 16th Order, Petitioner has submitted a transcript of the December 16th Hearing.  (*See* Declaration of Carrie LeRoy (Docket No. 17-2) at Ex. A).  Respondents do not contest the accuracy of the transcript, so the Court discusses it below.  Moreover, Respondents have submitted with their Opposition a Bond Memorandum issued by the IJ further explaining the basis for the December 16th Order, so the Court further refers to that Memorandum below.  (*See* Opp. at Ex. B (the "Bond Memorandum").

### 1.  Likelihood of Success

While it is true that Petitioner has now been afforded multiple bond hearings, Petitioner correctly challenges the legality of the December 16th Hearing.  Because the very first bond hearing in early December 2025 was clearly deficient given the IJ's erroneous holding of lack of jurisdiction, Petitioner's *de facto* first bond hearing was the December 16th Hearing, following the Court's TRO.  (*See* Email Between Petitioner's Counsel and Karen Smith dated December 3, 2025 (Docket No. 8)).  Accordingly, the Court considers the challenges to the processes employed by the IJ in the December 16th Hearing as alleged in the First Amended Petition.

### a.  Whether the IJ Abused His Discretion

Petitioner's primary challenge to the process employed in the December 16th Hearing is that the IJ did not properly hold Respondents to their burden to prove by

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-3227-MWF(AGR)**                    **Date:  April 1, 2026**
Title:      Diana Carolina Rivera Mendoza v. Kristi Noem, et al.

clear and convincing evidence that Petitioner is a flight risk or a danger to the community.  (Application at 17-18).  Importantly, Respondents do not contest that Petitioner was entitled to this burden of proof at the December 16th Hearing, and indeed, the IJ who presided over the bond hearing asserted that he applied the clear and convincing standard.  (*See* Opp. at Ex. B ("Bond Memorandum") at 3).

Petitioner has pointed the Court to a recent decision in this District that responds to similar errors as Petitioner alleges here.  (*See* Notice of Supplemental Authorities).  In *Hilda Melchor-Melchor v. Kristi Noem, et al.,* EDCV 26-00766-SSS (BFM), 2026 WL 760058, at *1 (C.D. Cal. March 16, 2026), the district court held that the IJ did not "hold Respondents to a clear and convincing burden of showing that Petitioner was a flight risk."  The district court observed that the only evidence presented by the respondents at the bond hearing in *Melchor-Melchor* was a Form I-213, which only demonstrated that the petitioner had been compliant throughout her recent apprehension and detention.  *Id.* at *2.  There was no indication in the Form I-213 that the petitioner had any criminal history or potential motive for flight, nor that she evaded arrest.  *See id.*  Because the petitioner had not been provided with an individualized bond hearing consistent with due process pursuant to the district court's TRO in that action, the district court ordered immediate release.  *Id.* at *3.

Similarly, in another case in this District, the court applied the abuse of discretion standard and held that the IJ did not adequately explain the reasons for denying bond.  *See Miri,* 2026 WL 622302, at *9.  The *Miri* court noted that the IJ did not set forth the relevant factors or evidence that the IJ relied on, and that the transcript did not reflect that the IJ weighed appropriate factors when reviewing the evidentiary record for a finding of flight risk or dangerousness to the community.  *Id.* at *8.

Of course, what makes the record in this action somewhat of a closer question is that the IJ did state explicitly in the Bond Memorandum that he weighed "the positive and negative equities" of Petitioner's case.  (*See* Bond Memorandum at 3).  The IJ here stated:

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-3227-MWF(AGR)                    Date:  April 1, 2026
Title:     Diana Carolina Rivera Mendoza v. Kristi Noem, et al.

"The positive equities are the Respondent's family ties.  The negative equities consist of the Respondent's limited immigration relief. … The Court therefore determined that the DHS had established by clear and convincing evidence that the Respondent is a flight risk.  In this regard, the Court [*sic*] there is no other probable path to obtain lawful status.  The Court finds that the Respondent's equities don't overcome the DHS's evidence and do not warrant her release from custody."

(Bond Memorandum at 3).

Accordingly, unlike *Melchor-Melchor* or *Miri*, the IJ at least stated **some** rationale for his determination at the December 16th Hearing and in the Bond Memorandum created after that hearing.  Specifically, the IJ credited the Government's proffer that DHS's motion to pretermit Petitioner's asylum application had been granted.  (*See* Bond Memorandum at 2).  At the hearing on this Application, Petitioner clarified that the grant of this motion means that Petitioner may be deported to Honduras, a third country.  The Government argued to the IJ at the bond hearing that this grant means that Petitioner has "no available relief," at least beyond appeal of that order, and thus she has become an extreme flight risk.  (*See* LeRoy Decl. at Ex. A).  As excerpted above, it was ultimately the "limited immigration relief" available to Petitioner that led the IJ to conclude that Petitioner was a flight risk by clear and convincing evidence, notwithstanding her significant family and community ties.  (*See* Bond Memorandum at 3).

But as Petitioner argues, the Ninth Circuit held in *Singh v. Holder,* 638 F.3d 1196, 1205 (2011), that the mere fact that there is a final order of removal in a detention case does not meet the threshold of clear and convincing evidence sufficient to justify detention.  While a final removal order is relevant, "it alone does not constitute clear and convincing evidence that [the petitioner] presented a flight risk justifying denial of bond." *Id.*  Here, even if Petitioner does not have additional avenues of relief beyond appeal of the motion to pretermit, that would at least put her in the same position as the petitioners in *Singh* who had final orders of removal.  *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-3227-MWF(AGR)                Date:  April 1, 2026**
Title:      Diana Carolina Rivera Mendoza v. Kristi Noem, et al.

*id.* Notwithstanding *Singh,* the IJ specifically held that the fact that "there is no other probable path to obtain lawful status" makes Petitioner a flight risk, even when weighed against the significant "positive equities" in this action.

Accordingly, the bond hearing Petitioner received on December 16, 2025, failed to comport with due process because "the IJ did not hold Respondents to a clear and convincing burden of showing that Petitioner was a flight risk." *See Melchor-Melchor,* 2026 WL 760058, at \*1.  In light of *Holder v. Singh* and *Martinez v. Clark*, that conclusion is inescapable here as a matter of law.  Such a failure to apply the correct legal standard constitutes an abuse of discretion by the IJ.

Nor does the fact that a subsequent bond hearing took place in February cure the defect with the first.  As the Ninth Circuit has squarely held, and the district court in *Melchor-Melchor* recognized, the Government "need not bear the burden of proof by clear and convincing evidence at a *second bond hearing*."  *See id.* at \*2 (citing to *Rodriguez Diaz v. Garland,* 53 F.4th 1189 (9th Cir. 2022) (emphasis in original)).  The only documentation provided on this Application as to the reasoning underlying the IJ's February 2026 decision is the two-word order that states Petitioner is a "flight risk."  (*See* Docket No. 21-1 at Ex. C).  There is thus no proof or reasonable inference that the IJ purported to apply the clear and convincing evidence standard, nor would the IJ be required to apply such a heightened standard in a second bond hearing.  Any showing of "flight risk" at the second hearing therefore does not provide evidence that Petitioner is a flight risk under the clear and convincing standard.

### b. Administrative Exhaustion

At the hearing, the Court raised the issue of whether administrative exhaustion should first be required before preliminary relief may be granted.  Courts evaluate the factors articulated in *Puga v. Chertoff,* 488 F.3d 812, 815 (9th Cir. 2007), to determine whether administrative exhaustion should be required in a given case.  The three *Puga* factors are: (1) whether agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) whether relaxation of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  CV 25-3227-MWF(AGR)**                     **Date:  April 1, 2026**
Title:      Diana Carolina Rivera Mendoza v. Kristi Noem, et al.

---

requirement would encourage the deliberate bypass of the administrative scheme; and (3) whether administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for administrative review.  *See* 488 F.3d at 815.

In response to this question at the hearing, the Government argued that the BIA would be in a better position to review the reasoning behind the IJ's decision.  But it is not clear to the Court what information the BIA would have at its disposal beyond what has been provided on this Application.  Indeed, the IJ's initial order after the December 16th Hearing only stated that Petitioner is a "flight risk," without more.  The more detailed explanation by the IJ was only supplied as a Bond Memorandum to the BIA.  And it was that Bond Memorandum that clearly and explicitly stated the reasoning behind the IJ's decision:  that the IJ considered the "positive equities" of Petitioner's family ties and the "negative equities" of Petitioner's "limited immigration relief."  (*See* Bond Memorandum at 3).  The Court therefore does not agree with Respondents that the BIA will have any particular evidence in the record before it that the Court does not.

Additionally, as Petitioner argued at the hearing, even if the *Puga* factors weighed in favor of requiring exhaustion, waiver may still be in order if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  *See Laing v. Ashcroft,* 370 F.3d 994, 1000 (9th Cir. 1981); (Reply at 7-8).  As other courts have recognized under similar circumstances, BIA appeals can take months before resolution.  In the meantime Petitioner would be subject to detention that is almost certainly unlawful, and thus would suffer irreparable injury.  *See Hasratyan,* 2026 WL 288909, at *4; *Miri,* 2026 WL 622302, at *11.

Here, as discussed above and at the hearing, Respondents have not given the Court any reason to believe that the BIA would not reverse the IJ's order on the same basis that is binding on this Court: that the Ninth Circuit's decisions in *Singh* and *Martinez* preclude as a matter of law any ruling that the IJ correctly applied the clear and convincing evidentiary standard.  To require Petitioner to appeal to the BIA would

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-3227-MWF(AGR)**                    **Date:  April 1, 2026**
Title:        Diana Carolina Rivera Mendoza v. Kristi Noem, et al.

be a futile gesture, and would instead needlessly prolong Petitioner's detention.  *See Hasratyan,* 2026 WL 288909, at *4.  Therefore, even apart from the *Puga* factors, the Court waives the administrative exhaustion requirement.

Accordingly, Petitioner has proven that she is likely to succeed on her Fifth Amendment claim that her bond hearing did not provide adequate process.

### 2.  Irreparable Harm

It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"  *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  Where, as here, the "alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."  *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (quoting Wright, Miller, & Kane, Federal Practice and Procedure, § 2948.1 (2d ed. 2004)).

Here, Petitioner has demonstrated that she was not afforded with a bond hearing that comports with due process.  This showing establishes that her ongoing detention is likely unconstitutional.  Accordingly, Petitioner has met her burden in establishing the second *Winter* factor.

### 3.  Balance of Equities and Public Interest

Where the government is the opposing party, the third and fourth Winter factors merge.  *Nken v. Holder*, 556 U.S. 418, 435 (2009); *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("When the government is a party, the last two factors merge.").  Further, a petitioner's "likelihood of success on the merits of a constitutional claim . . . tips [these] merged third and fourth factors decisively in his favor."  *Baird v. Bonta*, 82 F.4th 1036, 1042 (9th Cir. 2023).

Respondents do not explain in their Opposition how the third and fourth *Winter* factors tip in their favor.  (*See generally* Opp.).  But the Court concludes that they do

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-3227-MWF(AGR)                **Date:** April 1, 2026
Title:     Diana Carolina Rivera Mendoza v. Kristi Noem, et al.

not. Here, the Government "cannot reasonably assert that it is harmed in any legally cognizable sense" by being compelled to follow the law, including its own regulations. *See Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). An injunction is in the public interest where "a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005). Accordingly, Petitioner has met her burden in establishing the third and fourth *Winter* factors.

### 4. Bond Requirement

Under Federal Rule of Civil Procedure 65(c), the Court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (internal quotations omitted)).

Under the circumstances presented here, it is unlikely that the Government will incur any significant cost and requiring a bond "would have a negative impact on plaintiff's constitutional rights, as well as the constitutional rights of other members of the public." *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996) (citation omitted). Accordingly, the Court waives the bond requirement.

### C.     Remedy

Again, while Respondents did not meaningfully oppose the merits of Petitioner's arguments, Respondents did state in the final sentence of their Opposition that "even if some legal error has occurred, the proper remedy would be to require another bond hearing that addresses the legal error, not release." (Opp. at 11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-3227-MWF(AGR)**              **Date:  April 1, 2026**
Title:      Diana Carolina Rivera Mendoza v. Kristi Noem, et al.

---

While that argument may have had some persuasive value in another context, the Court notes that the TRO stated that Respondents were "enjoined from continuing to detain Petitioner unless she is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days after the District Court's issuance of the TRO."  (*See* Order Accepting Findings and Recommendation of Magistrate Judge (Docket No. 13)).  As recounted above, Petitioner is likely to succeed on her claim that the December 16th Hearing failed to comport with due process.  Moreover, to credit this argument would be to authorize Respondents to evade habeas review by holding an endless series of insufficient – or even sham – bond hearings.

Accordingly, given that the seven-day period has long-since lapsed, Respondents are enjoined from continuing to detain Petitioner.  The proper remedy is thus release.

## IV.      **CONCLUSION**

Petitioner has satisfied the *Winter* factors, and the Motion is therefore **GRANTED**.  The Court **ORDERS** Respondents to immediately **RELEASE** Petitioner from custody.  Respondents shall file a notice of compliance to this effect by no later than **April 3, 2026**.  All further matters on the merits of the Petition are referred to the Magistrate Judge.

A separate Preliminary Injunction will follow.

IT IS SO ORDERED.